**SO ORDERED.**

**SIGNED this 24 day of February, 2006.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **DEBORAH S. LEWIS,** <br><br>          DEBTOR. <br><br> **EDWARD J. NAZAR, Trustee,** <br><br>          PLAINTIFF, <br><br> v. <br><br> **DEBORAH S. LEWIS,** <br><br>          DEFENDANT. | CASE NO. 04-11782 <br> CHAPTER 7 <br><br><br><br><br><br> ADV. NO. 05-5531 |

**MEMORANDUM AND ORDER DENYING COMPLAINT FOR
TURNOVER AND JUDGMENT**

The matter before the Court is the Complaint for Turnover and Judgment filed by the Chapter 7 Trustee, Edward J. Nazar (hereafter Trustee), against Debtor, Deborah Lewis (hereinafter Debtor). The Trustee appears by Edward J. Nazar and Susan G. Saidian of Redmond & Nazar, L.L.P. The Debtor appears pro se. There are no other appearances. The Court has jurisdiction.[1] With consent of the parties, this matter is determined upon the pleadings.

The Trustee's Complaint seeks an order for turnover and/or a judgment for $3,023.90 against the Debtor. It is undisputed that this amount was the balance in Debtor's two checking accounts on the date of filing for relief and shortly thereafter the balances were reduced to essentially zero by the postpetition honoring of 23 checks draw by the Debtor prepetition, the largest of which was $547.34. The Debtor contends that the Trustee should not recover because her check registers showed small negative balances on the date of filing and because the Trustee has filed preference actions against several creditors.[2]

The Trustee's complaint states the cause of action is brought pursuant to 11 U.S.C. §§ 541, 544, 547, and/or 550.[3] The Court acknowledges that generally the balance in a debtor's checking accounts on the date of filing constitutes property of the estate under § 541. The Court

---

[1] This Court has jurisdiction pursuant to 28 U.S.C.A. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. In addition, this is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.A. § 157(b)(2). There is no objection to venue or jurisdiction over the parties.

[2] A brief review of the preference actions filed indicates that they do not address the transfers made by the checks which are at issue in this case.

[3] This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C.A. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

2

further agrees with the Trustee that generally checks honored postpetition for payment of prepetition unsecured indebtedness would constitute preferences under § 547. However, the Court finds that, even if all of the post-petition transfers were recoverable as preferences or otherwise, the Trustee does not have a remedy against the Debtor under § 550. That section provides in relevant part:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from --
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transfer of such initial transferee.

Section 550 permits the Trustee to recover only from the initial transferee, the entity for whose benefit the transfer was made, or an immediate or mediate transferee of the initial transferee. In this case, the Debtor was the transferor, not an initial or subsequent transferee. A construction of § 550 that a debtor is "an entity for whose benefit the transfer was made" has been rejected by the Eleventh Circuit.[4] The court relied upon the plain language of § 550, the traditional use of the person benefitted clause of § 550(a)(1) to collect from guarantors of the underlying debt, and the absence of cases allowing the trustee to collect an avoidable transfer form the transferring debtor. This Court agrees with the Eleventh Circuit's analysis.

The Trustee's Complaint cites § 550 as the only basis for a remedy. An amended complaint was not filed. There is no pretrial order.[5] The Trustee's Complaint therefore fails to

---

[4] *Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443, 1453-54 (11th Cir. 1994) *abrogated on other issues by Kontrick v. Ryan*, 540 U.S. 443 (2004).

[5] Although the Trustee addresses § 542 in his Memorandum in Support of Trustee's Complaint for Turnover, the Court holds that such mention of this section is insufficient to constitute an amendment

3

state a claim upon which relief may be granted against the Debtor.[6] In a similar case, former Chief Judge Pusateri[7] denied the trustee's motion pursuant to § 521(4) to compel the debtors to turnover $1,055.13, the actual balance in their checking account of the date of filing without deducting the amounts of outstanding checks which subsequently were honored. The court held that code section relied upon by the trustee did not provide a basis for relief.

For the foregoing reasons, the relief sought by the Trustee is denied, and judgment is entered for the Debtor.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based upon this ruling will be entered on a separate documents as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

###

---

of the basis of his claim for relief.

[6] If the Trustee had asserted a claim against the debtor under § 542, ample authority would have supported entry of judgment against the Debtor. *E.g, In re Dybalski*, 316 B.R. 312 (Bankr. S.D. Ind. 2004); *In re Sawyer,* 324 B.R. 115 ( Bankr. D. Arz. 2005). However, this Court would still have been reluctant to enter a judgment against a pro se debtor who had been discharged where the balance in the accounts appears to have resulted from the failure of her counsel to advise her of the necessity of allowing all outstanding checks to clear before filing for relief and the checks were primarily for payment of small business debts. Recovery would essentially require the Debtor to pay twice, once to the creditors and once to the Trustee, while allowing the creditors to retain the funds notwithstanding the Trustee's remedies under §§ 549(a) and 550. *See In re Dybalski*, 316 B.R. at 316.

[7] *In re Figueira*, 163 B.R. 192 (Bankr. D. Kan. 1993).