

**SO ORDERED.**

**SIGNED this 24 day of April, 2006.**

*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| DEBORAH S. LEWIS, | CASE NO. 04-11782 |
| | CHAPTER 7 |
| DEBTOR. | |
| | |
| EDWARD J. NAZAR, Trustee, | |
| PLAINTIFF, | |
| v. | ADV. NO. 05-5531 |
| DEBORAH S. LEWIS, | |
| DEFENDANT. | |

MEMORANDUM AND ORDER DENYING TRUSTEE'S
MOTION FOR RECONSIDERATION

The matter before the Court is the Trustee's Motion for Reconsideration of Journal Entry (hereafter Motion) filed on February 24, 2006, denying the Trustee's Complaint for Turnover and Judgment. The Plaintiff, the Chapter 7 Trustee, Edward J. Nazar (hereafter Trustee), appears by

Susan G. Saidian of Redmond & Nazar, LLP. There are no other appearances.[1] Upon reviewing the Plaintiff's motion, the Court is ready to rule and, for the reasons stated below, denies the Motion.

The Trustee's Complaint sought an order for turnover and/or judgment for $3,023.90 against the Debtor pursuant to 11 U.S.C.A § 550. It was stated in the Trustee's brief that this amount was the balance of the Debtor's two checking accounts as of the date of filing for relief and shortly thereafter the balances were reduced to essentially zero by the postpetition honoring of 23 checks drawn by the Debtor prepetition, the largest of which was $547.34. The matter was before the Court following three hearings. At the last hearing on February 6, 2006, where the Trustee or his counsel was present, the Trustee was advised that the matter was being taken under advisement on the pleadings filed and the stipulation of facts prepared by the Trustee, to which the Debtor did not object. The Court thereafter in the Memorandum and Order denied the Trustee's claim holding that, even if all of the postpetition transfers were avoidable as preferences or otherwise, the Trustee did not have a remedy against the Debtor under § 550 because the Debtor is not "an entity for whose benefit the transfer was made." The Court also noted that the Trustee did not cite 11 U.S.C.A. § 542 as the basis for relief in the Complaint and there was no amended complaint or pretrial order changing the statutory basis of the Trustee's claim.

When seeking reconsideration, the Trustee argues that he is entitled to judgment against the Debtor under § 542 because he gave notice of the nature of his claim by praying in his Complaint for

---

[1] The Debtor/Defendant does not appear. The Motion for Reconsideration of Journal Entry states that it was served on Steven R. Sublett, the attorney who prepared Debtor's bankruptcy filings, but who has not entered an appearance in this adversary proceeding. Since the Debtor apparently did not receive notice of the motion, it is not surprising that she has not responded.

2

judgment against the Debtor (although the Complaint was under § 550 rather than under § 542) and by reference to section 542(c) in his brief. In support of this position, he cites two cases, *In re Friedman's Express, Inc.*[2] and *In re Dinkins*.[3] Neither case is relevant. *Friedman's Express* was before the court on the defendant's motion for a more definite statement before the answer was filed and before discovery was undertaken. The court found the notice given by the complaint sufficient even though it lacked detail. In *Dinkins*, the matter before the court was the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and (b)(7). The court applied the "black letter law" that a party's motion to dismiss should be granted only if the "plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."[4] In this case, the Court was not presented with either a motion for a more definite statement or a motion to dismiss. Without objection of the Trustee, the case was taken under advisement based upon the pleadings. The burden was on the Trustee, not the Court or the Defendant, to identify and correct any defect in his Complaint before the matter was submitted.

Next, the Trustee argues that he was entitled to notice of the Court's "motion" to dismiss and an opportunity to amend his Complaint. This argument is based upon the erroneous characterization of the Court's ruling as a *sua sponte* granting of judgment to the Debtor under Fed. R. Civ. P. 12(b)(6). The Court's order does not state the Complaint fails to state a claim on which relief may be denied; it

---

[2] *Freidman's Express, Inc. v. Reynolds Fasteners Inc. (In re Freidman's Express, Inc.)*, 184 B.R. 229 ( Bankr. E.D.Pa. 1995).

[3] *Dinkins v. Margaretten & Co. (In re Dinkins)*, 79 B.R. 253 (Bamkr. E.D. Pa. 1987)

[4] *Id.* at 256.

3

denied the relief sought by the Trustee and granted judgment to the Debtor. With the consent of the Trustee, the matter was submitted for determination based upon the briefs and the stipulation of facts prepared by the Trustee. The Court examined the pleadings to determine if the Complaint could be resolved without trial and concluded that the Trustee had not made allegations which allowed him to recover from the Debtor under the facts alleged. No motion under Fed. R. Civ. P. 12(b)(6) was involved. The Trustee totally ignores the fact that the Complaint was before the Court for determination upon the pleadings with notice given to the Trustee at the hearing on February 7, 2006, after the Trustee had submitted his brief. If there was an error in the Complaint, it was incumbent on the Trustee to correct that error before the case was taken under advisement. When, as in this case, the Trustee seeks to recover from a pro se Debtor who is not knowledgeable about the law, the Trustee does not have the "safety net" provided where the defendant is represented by counsel who might identify errors in the Trustee's position.

The manner in which the Trustee's Complaint is drafted leads the Court, when considering the matter on the pleadings and briefs, to conclude that the cause of action pleaded was in fact to recover avoided transfers from the Debtor under § 550. The Court has reviewed this conclusion and finds it valid. This construction was consistent with the representations made by the Trustee at the three hearing in this case that the Trustee's claim was about the recovery of value of checks that were honored postpetition. The Complaint states it is brought pursuant to the "provisions of 11 U.S.C. § 541, 11 U.S.C. §544, 11 U.S.C. §547, and/or 11 U.S.C. § 550." Although the Trustee asserts in the Complaint, that the balances in the two accounts at Versas Bank on the date of filing, April 8, 2004, was $534.90 in account 2249014 and $2,305.70 in account 1023462, these amounts are in fact the

4

aggregate of checks written prepetition which cleared the accounts postpetition.[5] The honoring of checks are transfers which the Trustee might seek to avoid under §§ 544 and 547. If the Trustee had been seeking turnover under § 542, the relevant amount to be recovered would have been the amount on deposit on the date of filing. The Trustee did not provide the Court with the balances in the accounts on the date of filing, which amount can not be determined from the pleadings.

The Trustee argues that he was entitled to an opportunity to amend his Complaint. The Court finds otherwise. Amendments are governed by Bankruptcy Rule 7015(a), which adopts Fed. R. Civ. P. 15(a). Under the rule, after a responsive pleading is filed, amendments are allowed only with leave of court. The Trustee did not so move. At this stage of the proceedings, the Court in its discretion would be inclined to deny such a motion because the Trustee provides no reason for his "error" and the Debtor would be prejudiced by the continuance of this proceeding.

The Trustee concludes his Motion by requesting entry of judgment in his favor. Even if the Complaint were construed to be seeking turnover, judgment could not be entered. For the reasons examined above, trial would be necessary to determine the amount subject to turnover.[6] In addition,

---

[5] The Court reaches this conclusion from further review of the Debtor's Answer, to which copies of checks and bank statements are attached, and the Trustee's Exhibit B. The attachments to the Debtor's Answer states the balance in account number 24489014 on April 8, 2004, was $189.80, not $534.90 as asserted by the Trustee. The balance in the second account on the date of filing does not appear on the attached statements or the stipulations. The Trustee's Exhibit B lists the checks by date drawn (all prepetition) and the date cleared (all postpetition), with the amounts totaling $534.90 for account number 2249014 and $2,305.70 for account number 1023462. Some of the dates on which the checks were honored are as late as August, when the balance in the account as of the date of filing surely would have been previously withdrawn.

[6] The Court relied upon the alleged balances as stated in the Trustee's brief when finding in the Memorandum and Order that it is undisputed that $3,023.90 was the balance in the Debtor's two checking accounts on the date of filing. The Court knew through the hearings held that the Debtor had provided the Trustee information about the accounts and the checks and the parties regarded the facts concerning the

5

the Debtor's statement in her answer that she believed the balances in the accounts were negative on April 8, 2004, raises the possibility of a defense under § 542(c), which provides:

> Except as provided in section 362(A)(7) of this title, an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate . . . in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making the transfer . . . as if the case under this title concerning the debtor had not been commenced.

This defense has been construed to mean "that the relevant knowledge or notice is knowledge or notice to a possessor of property that a bankruptcy proceeding has begun and that the property in the possessor's custody was property of a debtor in that bankruptcy proceeding."[7] A trial would be needed to determine what knowledge and notice Debtor had when the checks cleared and the estate property transferred to her creditors.

The Court is satisfied that its judgment a just resolution of this case. As noted in the Memorandum and Order, the Trustee is seeking to recover from the Debtor notwithstanding his remedies against the recipients of the funds under § 550, once the transfers are avoided under §§ 544 and 547, as suggested by the Complaint, or under § 549(a) as suggested by the Court in its Memorandum and Order. From statements made at status conferences in this case, it appears to the Court that the Debtor is in the position of having a balance in her accounts on the date of filing not because of her own wrongful conduct but because of poor lawyering by her bankruptcy counsel. A

---

accounts to be undisputed. The Court's finding of the amount in the accounts now appears to have been erroneous and is hereby withdrawn by the Court.

[7] *Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, PA v. Boyer (In re USA Diversified Products, Inc.)*, 100 F.3d 53, 57 (7th Cir. 1996).

judgment in favor of the Trustee against the Debtor would impair the Debtor's fresh start after her receipt of a Chapter 7 discharge. This Court will not enter such a judgment lightly, particularly where the Trustee may recover the same benefit for the estate from other entities.

The Court has thoroughly considered and found wanting all arguments raised by the Trustee in his Motion, even though not all authorities are specifically addressed above. For the foregoing reasons, the Court denies that Trustee's Motion for reconsideration.

BE IT SO ORDERED.

# # #